IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REY LOGISTICS, INC. and FLEET 18, INC. | : : : |
| v. | : : CIVIL ACTION NO. 21-442 |
| HEATHER DEVLIN ZLOTSHEWER, et al. | : : : |

**MEMORANDUM**

**McHugh, J.**                                                                                                        **April 1, 2022**

This is a suit alleging misappropriation of trade secrets, tortious interference with a contract, breach of contract, and computer fraud against ARL Transport, LLC and Heather Devlin Zlotshewer. In November 2021, Plaintiffs Rey Logistics Inc. and Fleet 18 Inc. sought sanctions against Ms. Devlin in the form of default judgment for her failure to comply with numerous discovery requests and court orders. ECF 49. Fed. R. Civ. P. 37; 55. I will grant the motion in part and enter a judgment enjoining Ms. Devlin from further use or dissemination of REY Logistics' proprietary information and unauthorized access to REY Logistics' computers, as required by agreements to which Devlin became subject upon hiring.

## I.   FACTUAL BACKGROUND

REY Logistics is a motor carrier that transports freight in the United States, and has gone to considerable efforts to identify, recruit, and maintain relationships with owner-operators and drivers for the company. Compl. ¶¶7,9, ECF 1. Fleet 18 is an employee leasing company whose employees staff REY Logistics' motor carrier operations. *Id.* ¶8. Ms. Devlin is a former employee of Fleet 18 who served as a recruiter for REY Logistics. In that role, she had access to a database of owner-operator and driver information which REY Logistics had expended significant time and resources to develop. *Id.* ¶¶ 21,22,35, 37. As a condition of her employment and to protect REY

Logistics' proprietary information, she was required to sign a nondisclosure agreement (NDA), and prohibited, as outlined in the Employment Manual, from using REY Logistics' computer and communication systems for personal gain or non-company solicitations. *Id.* ¶¶28,30,33. In violation of the NDA and the company policies, she transferred information from REY Logistics databases on to her personal devices. She then solicited owner-operators and drivers to terminate their contracts with REY Logistics and transition to ARL Transport, a competitor to REY Logistics, where she was subsequently employed. *Id.* ¶¶39-41, 45. As a result of her outreach to these contractors, the record reflects that REY Logistics has lost at least some lease agreements with owner-operators and drivers. *Id.* ¶46.[1]

Plaintiffs allege Misappropriation of Trade Secrets and Tortious Interference with a Contract as to both ARL Transport and Ms. Devlin, and Breach of Contract and Computer Fraud as to Ms. Devlin. Throughout the discovery period, and despite multiple requests from Plaintiffs, Ms. Devlin has failed to respond to interrogatories or requests to produce documents. ECF 18, 35, 36, 44. On November 30, 2021, Plaintiffs filed a Motion to Compel and for Sanctions in the form of default judgment. ECF 49.

## II.  LEGAL STANDARDS

"If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These actions may include "rendering a default judgment against the disobedient party." Rule 37(b)(2)(A)(vi).

Entering a Rule 55 default judgment as a sanction for failing to participate in litigation is within my discretion and governed by the *Poulis* factors. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (*Poulis* factors are the proper standard for considering punitive

---

[1] In support of their motion for summary judgment. Plaintiffs have provided substantial evidence, including documents, in support of these allegations.

2

dismissals); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (listing six factors for determining whether the district court "abused its discretion in dismissing, or refusing to lift a default"). These six factors are: (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense. *Poulis*, 747 F.2d at 868 (emphasis in original). To issue a default, I must "make explicit factual findings concerning these factors," but "it is not necessary that all of these factors point toward a default before that sanction will be upheld." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992)

A party's *pro se* status does not excuse her failure to participate in discovery or comply with orders. *See, e.g., id.* at 920 ("Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew.").

### III. DISCUSSION

Plaintiffs ask me to enter judgment against Ms. Devlin as a sanction for her willful failure to comply with my orders and provide discovery in good faith. Pls.' Mot. Default, ECF 50; Fed. R. Civ. P. 37(b)(2)(A)(vi), 55(b)(2). Plaintiffs contend that they "still have received no written discovery responses and no responsive documents from Ms. Devlin" despite the Court's orders compelling production, Plt's Mot. Default at 2, and that the interrogatory responses that she did provide were "unequivocally false," *id.* at 2. For the following reasons, I agree, and provide a summary of Ms. Devlin's obstructive behavior throughout this litigation.

On February 26, 2021, Plaintiffs served document requests on Defendants seeking messages between Ms. Devlin and drivers or owner operators currently or previously associated with REY Logistics. ECF 15-6. Plaintiffs also requested other documents identifying any drivers and owner-operators contacted or contracted with by Devlin since November 2, 2020. *Id.* On April 16, 2021, Ms. Devlin served belated responses indicating that she "can not" produce documents in response to any of Plaintiffs' requests. ECF 18, Ex. A. On April 21, 2021, Plaintiffs then served a subpoena on Verizon Wireless seeking phone records associated with Ms. Devlin's phone. ECF 15-4. On April 22, 2021, Ms. Devlin filed a motion to quash the subpoena to Verizon Wireless. ECF 16. In response to this motion, I provided Ms. Devlin with a final opportunity to provide the disclosures requested by Plaintiff through discovery as required by Rule 26, including text messages and call logs, accompanied by an affidavit signed under oath that she has not withheld any pertinent information. ECF 17. In that order, I warned Ms. Devlin that if she failed to provide all the information available to her, or if the Court concluded that she had proceeded in bad faith, or if the information showed a likelihood that relevant information was withheld or deleted and can only be recovered through a subpoena, then Plaintiffs may re-issue the subpoena to Verizon. ECF 17. On May 25, 2021, Plaintiffs provided notice that, despite my court order, Ms. Devlin "ha[d] not produced a single document or response to the request for production served in February or as a result of the Court's Order of May 3rd" and, when Plaintiffs communicated with her on numerous occasions, counsel's requests went unanswered or were met by Ms. Devlin's refusal to produce responsive documents. ECF 18 ¶¶7,8. Given Ms. Devlin's direct violation of my court order, I granted Plaintiff's request for leave to serve Verizon with a subpoena. ECF 19.

Meanwhile, as the discovery deadline neared, Plaintiffs requested available deposition dates from Ms. Devlin, but received no response.[2] ECF 33 ¶¶1-2. After Plaintiff again followed up with Ms. Devlin, she reported that she was unavailable for a deposition until October 11, 2021. *Id.* ¶3. And on October 13, 2021, when Ms. Devlin had yet to respond to interrogatories or produce requested documents, Plaintiffs filed a Motion to Compel and to order sanctions.[3] ECF 35. On November 9, 2021, I ordered Ms. Devlin to respond to the outstanding interrogatories and produce documents in ten days, or face sanctions. ECF 40. Again, Ms. Devlin was noncompliant. ECF 44. On November 30, 2021, Plaintiffs filed an amended motion to compel and for sanctions. ECF 49.

Beyond failing to heed the Court's orders or respond to discovery requests, Ms. Devlin has made misrepresentations to the Court. Ms. Devlin informed the Court that she had "responded respectfully to every filing and turned over phone records," when she did no such thing. ECF 45. Moreover, the interrogatory answers that Ms. Devlin supplied were indisputably false, as she claimed communications with drivers of REY Logistics "never occurred," despite the existence of hundreds of calls/text messages in her Verizon phone records documenting precisely such communication.[4] And Ms. Devlin argued that the "[p]hone [r]ecords were not useful and proved

---

[2] After Plaintiffs again followed up with Ms. Devlin, she reported that she was unavailable for a deposition until October 11, 2021, because of a family emergency. ECF 33 ¶3.

[3] Plaintiffs filed this motion after serving Ms. Devlin with a second set of interrogatories on August 27, 2021 and August 30, 2021 with due dates of September 26, 2021 and September 30, 2021, and upon receiving no response, sent follow up correspondence on October 1, 2021 and October 4, 2021, to no avail. ECF 35, ¶¶1-7.

[4] In response to the first set of interrogatories, Ms. Devlin wrote, "Defendant states that Heather Devlin Zlotshewer has not communicated with REY Logistics /Fleet 18 drivers. These communications do not exist because they never occurred. The Defendant does not have a non compete agreement." ECF 31-1 at 2.

5

that the ProSe Litigant was not a threat to REY Logistics/Fleet 18," when in fact they proved the opposite. ECF 37 at 4.

The Court had occasion to deal directly with Ms. Devlin at the Rule 16 conference and during a status conference on June 30, 2021, which was called for the principal purpose of addressing Ms. Devlin's lack of cooperation. At the status conference in particular, she was combative, provided contradictory information, and appeared unwilling to acknowledge her duty to cooperate with discovery.

In sum, Ms. Devlin has repeatedly obstructed and impeded Plaintiffs' legitimate discovery requests. And she has failed to show good cause for her failure to comply with discovery requests or my orders, nor has she shown why I should not enter judgment against her.[5] See *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 n.9 (3d Cir. 1995) (good cause is "a discretionary judgment to be exercised by the district court" and is governed by an abuse of discretion standard.)

Where Ms. Devlin has both failed to respond to discovery, and provided fraudulent statements to the court, entry of default judgment is an appropriate sanction as guided by the *Poulis* factors. *See Poulis*, 747 F.2d at 868.

The first *Poulis* factor is the extent of the party's personal responsibility. A *pro se* litigant is personally responsible for failure to comply with the Court's rules and orders. In this case, Devlin is proceeding *pro se,* and so she is directly responsible for her failure to respond to plaintiffs' discovery requests or to Court Orders.

---

[5] Ms. Devlin objected to the notice of noncompliance, noting that she was "voluntarily present for a deposition of the interrogatories and agreed to be videotaped." She reports being "repeatedly threatened during the Interrogatories" and Plaintiff's counsel "asked the questions in a condescending tone." ECF 45 at 2.

Second, Ms. Devlin's failure to participate in this litigation has severely prejudiced Plaintiffs, who have been unable to obtain crucial evidence regarding their claims, including the extent of Ms. Devlin's misappropriation of proprietary information. And they have been forced to resort to more onerous third-party subpoenas to obtain the limited documents they have been able to obtain.

Third, Ms. Devlin has ignored discovery requests and orders throughout the case, even with the threat of sanctions looming. And although "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe v. Klaus,* 538 F.3d 252, 261 (3d Cir.2008), "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders" *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir.1994), which is the situation at issue here.

Fourth, as I previously noted, Ms. Devlin's conduct can be considered willful or in bad faith, given that the responses she has filed contain falsehoods which directly contradict the records that Plaintiffs have subpoenaed from Verizon, and the statements made by former contractors of REY Logistics.

Fifth, alternative sanctions would not be effective as Ms. Devlin has ignored my prior orders and behaved combatively during the status conference, which was called for the specific purpose of addressing her lack of cooperation with discovery requests. Therefore, default judgment is appropriate and necessary.

And finally, with respect to the sixth factor, Plaintiffs also have a meritorious claim as defined by the *Poulis* Court: "the allegations of the pleadings, if established at trial, would support recovery by [P]laintiff[s]." *Poulis*, 747 F.2d at 870. Devlin's five-page response in opposition to

Plaintiffs' motion for summary judgment provides nothing more than unsupported denials of Plaintiffs' detailed factual allegations.[6] Devlin's claims of innocence are contradicted by the documents and statements obtained by the Plaintiffs evidencing that Ms. Devlin stole proprietary information from REY Logistics, which she only had access to because she was a recruiter for the company, and used her personal cell phone to recruit drivers and owner-operators away from REY Logistics.

All six *Poulis* factors weigh in favor of entering default judgment against Ms. Devlin. I will therefore do so. Given that Ms. Devlin is proceeding *pro se*, and there is no evidence to support a reasonable inference that she will be able to provide monetary sanctions, I determine that monetary sanctions, including damages, attorney's fees and costs, would not be an effective sanction in this case. Instead, the Court provides the declaratory and injunctive relief that Plaintiffs seek, hereby enjoining Ms. Devlin from breach, further use, or dissemination of REY Logistics' Trade Secrets and unauthorized access to REY Logistics' computers. This judgment does not extend to the imposition of damages but is limited to a grant of injunctive relief as a sanction.

An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

---

[6] Examples of such unsupported denials include: "[t]he Plaintiffs' do not have Trade Secrets or a database that could have been breached," "[t]he drivers that are being disputed were never REY Logistics drivers or were terminated by REY Logistics," "the non compete is suspicious…" ECF 80 at 3-4.