IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REY LOGISTICS, INC., and** | : | |
| **FLEET 18, INC.** | : | |
| | : | **CIVIL ACTION NO. 21-442** |
| v. | : | |
| | : | |
| **HEATHER DEVLIN** | : | |
| **ZLOTSHEWER** | : | |

| | |
|---|---|
| **McHUGH, J.** | **SEPTEMBER 28, 2023** |

### MEMORANDUM

Plaintiffs Rey Logistics, Inc. and Fleet 18, Inc. previously obtained a default judgment against Defendant Heather Devlin Zlotshewer for failure to comply with multiple discovery requests and court orders. Plaintiffs now move the Court for a final judgment against Ms. Devlin, pursuant to Rule 54 and 58, including an award of Plaintiffs' attorneys' fees and costs and permanent injunctive relief. Based on Ms. Devlin's contractual liability, I grant Plaintiffs' motion for final judgment.

**I.  Background**

The relevant background of this case is laid out in my memorandum and order granting, in part, Plaintiffs' motion for sanctions against Defendant Heather Devlin Zlotshewer on April 1, 2022. ECF 87-88. For present purposes, I will review only the essential facts and relevant updates since that order.

Ms. Devlin is a former employee of Fleet 18, an employee leasing company who served as recruiter for REY Logistics, a motor carrier that transports freight in the United States. Compl. ¶¶7-9, ECF 1. In that role, Ms. Devlin had access to a database of owner-operator and driver information which REY Logistics expended significant time and resources to develop. *Id.*

¶¶21,22,35,37. As a condition of her employment and to protect REY Logistics' proprietary information, she was required to sign a nondisclosure agreement (NDA), and prohibited, as outlined in the Employment Manual, from using REY Logistics' computer and communication systems for personal gain or non-company solicitations. *Id.* ¶¶28,30,33. In addition, the NDA provided for attorneys' fees and costs to the prevailing party in any legal action regarding the subject matter of the agreement. Compl. Ex. A, ECF 1, at 2.

In violation of the NDA and the company policies, Ms. Devlin transferred information from REY Logistics databases on to her personal devices. She then solicited owner-operators and drivers to terminate their contracts with REY Logistics and transition to ARL Transport, a competitor to REY Logistics, where she was subsequently employed. ECF 1 ¶¶39-41, 45. As a result of her outreach to these contractors, the record reflects that REY Logistics has lost at least some lease agreements with owner-operators and drivers. *Id.* ¶46.

Plaintiffs filed a Complaint for Misappropriation of Trade Secrets, Breach of Contract, Tortious Interference with a Contract, and Computer Fraud and Abuse against ARL Transport, LLC and Heather Devlin Zlotshewer. Throughout the discovery period, and despite multiple requests from Plaintiffs and court orders, Ms. Devlin failed to respond to interrogatories and requests to produce documents. *See* ECF 18, 35, 36, 44. Accordingly, on April, 2022, I granted Plaintiffs' motion for sanctions in the form of declaratory and injunctive relief, enjoining Ms. Devlin from breach, further use, or dissemination of REY Logistics' Trade Secrets and unauthorized access to REY Logistics' computers.[1]  ECF 87.

In July 2022, I referred Plaintiffs and Defendant ARL Transport, LLC to the Honorable Richard A. Lloret for a settlement conference. ECF 90. Thereafter, the Plaintiffs and Defendant

---

[1] The April, 2022 judgment excluded monetary sanctions, including damages and attorney's fees. ECF 87.

ARL Transport, LLC stipulated to the dismissal with prejudice of all claims asserted in this action as to ARL Transport only. ECF 96. Plaintiffs now seek a final judgment from this Court against Defendant Heather Devlin Zlotshewer, including an award for attorneys' fees and costs and permanent injunctive relief.

## II. Discussion

### A. The Sufficiency of Plaintiffs' Legal Claims and Supporting Allegations

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (2d ed.)). The Court must then assess "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Int'l Union of Operating Eng'rs v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (citing 10A Fed. Prac. & Proc. Civ. § 2688 (4th ed.)). Although at present, Plaintiffs obtained a default judgment as a sanction to Ms. Devlin, I employ a similar assessment for legitimate causes of action and find that Plaintiffs sufficiently alleged misappropriation of trade secrets, breach of contract, tortious interference of a contract, and computer fraud and abuse.

First, to bring a claim under the Defense of Trade Secrets Act (DTSA), a plaintiff must allege: "(1) the existence of a trade secret, defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret; (2) that is related to a product or service used in, or intended for use in, interstate or foreign commerce[;] and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret[.]" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021) (internal quotations and citations omitted). Plaintiffs alleged expending significant time and

resources to develop and keep secret their database of owner-operator and driver information. ECF 1 ¶21-29. This database, Plaintiffs alleged, is stored on protected computers that are used in or affect interstate commerce and communication. *Id.* ¶25. Finally, Plaintiffs specifically pleaded that Ms. Devlin improperly used the database by transferring contact information from company devices to contact owner-operators and drivers and encouraging them to terminate their agreements with REY Logistics. *Id.* ¶41, 43. These allegations point to a legitimate cause of action for misappropriation of trade secrets under the DTSA. Separately, I note that in reviewing portions of the discovery in this case in connection with various motions, there is ample evidence that Ms. Devlin misappropriated Plaintiffs' database of drivers.

Second, under Pennsylvania law, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (cleaned up). Plaintiffs have pleaded and attached to the Complaint a valid contract: a signed NDA which prohibited Ms. Devlin from using REY Logistics' computer and communication systems for personal gain or non-company solicitations. Compl. Ex. A, ECF 1, at 2. Plaintiffs further alleged Ms. Devlin breached that contract when she stole proprietary information from REY Logistics to recruit drivers and owner-operators away from REY Logistics. ECF 1 ¶39-41. As a result of her outreach to these contractors, REY Logistics alleged it lost at least some lease agreements with owner-operators and drivers. *Id.* ¶46. Thus, Plaintiffs sufficiently alleged breach of contract.

Third, a claim of tortious interference with an existing contract requires: "(1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss

4

or breach of a contract as a result of the interference; and (4) damages resulting from that interference." *Fid. Eatontown, LLC v. Excellency Enter., LLC*, No. 16-3899, 2017 WL 2691417, at *6 (D.N.J. June 22, 2017). Plaintiffs alleged having valid and enforceable contracts with owner-operators. ECF 1 ¶81. Plaintiffs further alleged that Ms. Devlin was aware of these agreements and intentionally interfered with Plaintiffs' contractual relationships for her own benefit. *Id.* ¶¶82-83. This interference, according to Plaintiffs, resulted in the loss of at least some lease agreements and ensuing damages. *Id.* ¶¶46, 86. As such, Plaintiffs sufficiently alleged tortious interference with an existing contract.

Finally, the Computer Fraud and Abuse Act (CFAA) "imposes civil liability on anyone who knowingly 'accesses a protected computer without authorization, or exceeds authorized access' of a protected computer."[2] *Teva Pharms. USA, Inc. v. Sandhu*, 291 F. Supp. 3d 659, 667-68 (E.D. Pa. 2018) (citing 18 U.S.C. § 1030(a)(4)). "To state a CFAA claim, a plaintiff must show that the defendant: (1) accessed a 'protected computer;' (2) without authorization or exceeded authorized access; (3) knowingly and with an intent to defraud; (4) obtained something of value; and (5) caused damage or loss to the plaintiff in excess of $5,000 in a one-year period." *Id.* Based on the above allegations, Plaintiffs likewise sufficiently alleged computer fraud and abuse, including a loss in excess of $5,000 in one year. ECF 1, ¶92.

B. The Determination to Grant Default Judgment

It is within a district court's discretion to "enter a default judgment to sanction a party who has callously disregarded repeated notices of a judicial proceeding." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1184 (3d Cir. 1984). A district court must consider three factors in exercising this discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to

---

[2] Plaintiffs cite to 18 U.S.C. § 1060, but the correct citation for the CFAA is 18 U.S.C. § 1030.

5

have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

After analyzing these factors, I conclude that a final judgment against the Defendant is appropriate. The *Chamberlain* factors closely mirror three of the six *Poulis* factors addressed in Plaintiffs' grant of default judgment on April 1, 2022, *see* ECF 87, including prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; the meritoriousness of the claim or defense; and the extent of the party's personal responsibility. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). I therefore find that the *Chamberlain* factors support a remedy here, as well.

C. <u>The Calculation of Attorneys' Fees and Costs</u>

If a court decides to enter default judgment, factual allegations of the complaint are taken as true except those relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). For damages, a Court must conduct its own calculation of the appropriate amount of damages and "need not accept the plaintiff's representations on damages as true." *Thorn Flats, LLC v. BuildPro Constr. LLC*, No. 21-5412, 2022 WL 1720014, at *3 (E.D. Pa. May 26, 2022) (Marston, J.) (quoting *Tristrata Tech, Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 165 (D. Del. 2010)).

Under the American Rule, "each party in a lawsuit ordinarily shall bear its own attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). An enforceable contract or statute can provide an exception to this rule. *Id.*; *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). Here, the NDA executed by Ms. Devlin states: "The prevailing party in any dispute or legal action regarding the subject matter of this Agreement *shall* be entitled to recover

attorneys' fees and costs."[3]  ECF 1, Ex. A (emphasis added).  "A 'prevailing party' includes a party that has obtained a default judgment in their favor."  *Boa v. Novesa USA Inc.*, 2019 U.S. Dist. LEXIS 4112, *2-3 n.1 (E.D. Pa. Jan. 4, 2019).  As such, the Plaintiffs are entitled to attorneys' fees.

In assessing a request for attorneys' fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter.  *Rode v. Dellaciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  The party seeking the attorneys' fees has the burden to prove that the requested attorneys' fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed."  *Id.* at 1183 (quoting *Hensley*, 461 U.S. at 433). An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (cleaned up).

In support of its request for attorneys' fees in the amount of $61,405.00, Plaintiffs attach an affidavit from Plaintiffs' counsel stating their hourly rates are "consistent with the prevailing market rates based on 2021 Intellectual Property Law Association's Report of the Economic Survey" as well as "the CLS guidelines."  ECF 97, Ex. A ¶7. The affidavit also provides a detailed accounting of the incurred fees and costs and carefully distinguishes between work attributable to

---

[3] Plaintiffs separately argue they are entitled to attorneys' fees under the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D), which allows for reasonable attorneys' fees where "the trade secret was willfully and maliciously misappropriated[.]"  Given the discovery I have reviewed, and Ms. Devlin's conduct during this litigation, this would also provide a legal basis for an award of fees.

claims pursued against Ms. Devlin only (which Plaintiffs seek in their entirety), from those pursued against Ms. Devlin and ARL Transport (for which they seek only 50%). *Id.* ¶5-7. I conclude that the rates requested[4] and hours spent are fair and reasonable and that Plaintiffs are entitled to the amounts submitted.

In closing, it should be noted that Plaintiff is acting with restraint, in that it limits its motion for judgment to attorneys' fees without seeking an award of damages for the financial losses it suffered.

### III. Conclusion

For these reasons, Plaintiffs' motion for final judgment will be granted in full, to include the counsel fees it seeks, together with a permanent injunction prohibiting Ms. Devlin from further use or dissemination of REY Logistics' proprietary information, and from unauthorized access to REY Logistics' computers.

/s/ Gerald Austin McHugh
United States District Judge

---

[4] I note that Trevor F. Ward is an Associate who was billed at two separate hourly rates: $219.34 and $250. I do not find this anomalous as associate rates rise with their seniority in the profession.